UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRYON CHARLES KOELLER,

        Petitioner,

v.

STATE OF WASHINGTON,

        Respondent.

Case No. C19-1805-BJR

ORDER DISMISSING FEDERAL HABEAS ACTION

## I. INTRODUCTION

Petitioner Byron Charles Koeller ("Petitioner") filed a federal habeas corpus action under 28 U.S.C. § 2254 challenging his 2019 conviction in the Island County Superior Court in Coupeville, Washington. Dkt. No. 3. Before the Court is the Report and Recommendation ("R&R") of the Honorable Mary Alice Theiler, United States Magistrate Judge, which advises the Court to dismiss Petitioner's habeas petition and the present action without prejudice.

After careful consideration of Petitioner's petition for writ of habeas corpus, Dkt. No. 3, the R&R, Dkt. No. 4, the objections thereto, Dkt. No. 5, the relevant legal authority, and the record of the case, the Court dismisses Petitioner's petition, without prejudice, for failure to exhaust state court remedies. The reasoning for the Court's decision follows.

ORDER DISMISSING FEDERAL
HABEAS ACTION – 1

## II. BACKGROUND

Petitioner is currently a state prisoner confined at the Coyote Ridge Corrections Center in Connell, Washington. Dkt. No. 3. Petitioner submitted his petition for review by this Court on December 06, 2019. Petitioner claims that his imprisonment by the State of Washington is unlawful. *Id.*

On December 17, 2019, Magistrate Judge Theiler, issued an R&R recommending that the petition be dismissed without prejudice, due to Petitioner's failure to exhaust state court remedies before bringing this action. Dkt. No. 4 (citing 28 U.S.C. § 2254(b)(1)(B)(i)).

On January 2, 2020, Petitioner filed his objections to the R&R, contending that "there is no remedy to exhaust at the state level" because the 28 U.S.C. § 2254 "describes the requirements of proceeding at the federal level without having brought it first to the State." Dkt. No. 5. Petitioner argues that the State of Washington lacks jurisdiction to hear this action because it is a party in the present case and has violated his constitutional protections. Dkt. No. 3. Instead, he argues, the Supreme Court has original jurisdiction to hear his claim. Dkt. No. 5.

## III. DISCUSSION

When a party files specific and properly filed written objections to an R&R, the district court must review the Magistrate Judge's findings *de novo*. *United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (reviewing *de novo* those portions of the Magistrate Judge's report and recommendation to which a specific written objection was made). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. *Raddatz*, 447 U.S. at 673-74; *see also* 28 U.S.C. § 636(b)(1). A general objection to the entirety of a magistrate's report "has the same effects as would a failure to object." *Howard v.*

*Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). As such, this Court will review portions of the Magistrate Judge's findings *de novo* for the issues addressed in the Petitioner's objections.

In his objection, Petitioner contends there are no state remedies to exhaust because the federal habeas statute "describes the requirements of proceeding at the federal level without having brought it first to the state." Dkt. No. 5. Petitioner cites generally to 28 U.S.C. § 2254, but is likely referring specifically to subsection (a), which provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in (sic) behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

However, to be eligible to file a federal habeas petition, the statute requires different procedures to follow for state prisoners (those who are imprisoned for committing a state crime) and federal prisoners (those who are imprisoned for violating a federal law). 28 U.S.C. § 2254(b), (c). The statute requires a state prisoner, like the Petitioner, to exhaust all available state procedures and remedies to correct an unconstitutional sentence or conviction. 28 U.S.C. § 2254(b),(c). *See Holland v. Florida*, 560 U.S. 631, 648 (2010) (affirming that a state prisoner cannot bring a federal habeas claim without first exhausting state remedies).

Petitioner argues that he has not filed his federal claims in state court for review because he believes the courts of the State of Washington have no jurisdiction to review his constitutional claims. Dkt. No. 5. Instead, Petitioner contends, the U.S. Supreme Court has original jurisdiction to hear his petition. *See* U.S. Const. art. III, § 2, cl. 2. The Supreme Court and the Ninth Circuit, however, have previously addressed the issue of jurisdiction in federal habeas claims, holding unequivocally that to invoke the jurisdiction of the District Court, a petitioner held in custody

ORDER DISMISSING FEDERAL
HABEAS ACTION – 3

pursuant to the judgment of a state court must show that he has exhausted the remedies available to him by the courts of that state. *Picard v. Connor*, 404 U.S. 270, 275 (1971). *See Williams v. Craven*, 460 F.2d 1253, 1254 (9th Cir. 1972) (affirming lower court's decision to deny state prisoner's habeas corpus petition after finding he failed to establish that he has exhausted available state remedies with respect to the issues presented to the district court). Petitioner's arguments to the contrary have no merit.

This Court concludes, in agreement with the R&R, that the Petitioner has not yet exhausted all state court remedies before filing this federal habeas action. 28 U.S.C. § 2254(b)(1). Petitioner has not given any good reasons why he has not met this requirement. Therefore, dismissal is appropriate.

As such, the Court, having reviewed Petitioner's petition for writ of habeas corpus, the Report and Recommendation, the objections thereto, and the remaining record, hereby finds and ORDERS:

1. The Report and Recommendation is APPROVED and ADOPTED;
2. Petitioner's petition for writ of habeas corpus (Dkt. 3), and this action, are DISMISSED without prejudice for failure to exhaust state court remedies;
3. In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED; and
4. The Clerk is directed to send copies of this Order to petitioner and to the Honorable Mary Alice Theiler.

DATED this 31st day of January, 2019.

_____
BARBARA JACOBS ROTHSTEIN
United States District Judge

ORDER DISMISSING FEDERAL
HABEAS ACTION – 4